# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

MEMO ENDORSED

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

February 10, 2020

**By ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *United States v. Neil Morgan*
    11 Cr. 500 (KMK); 16 Civ. 4704 (KMK)

Dear Judge Karas:

I write regarding Mr. Morgan's pending motion, under 28 U.S.C. § 2255, to vacate his single count of conviction of using a firearm during and in relation to a crime of violence (a conspiracy to commit robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Specifically, I write to request that Federal Defenders of New York be relieved and that new counsel be appointed. Our Office made (and this Court granted) an identical request with respect to Mr. Morgan's co-defendant Tyrell Rock. Cr. Dkt. Nos. 309, 311. The ground for my request is the same: Federal Defenders represented a cooperating witness in the underlying criminal prosecution.

Our representation of Mr. Morgan, thus far, has concerned pure

Hon. Kenneth M. Karas  
United States District Judge

February 10, 2020  
Page 2

**Re:** *United States v. Neil Morgan*  
11 Cr. 700 (KMK); 16 Civ. 4704 (KMK)

questions of law. The pending § 2255 motion concerns whether the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—that invalidated as void for vagueness the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)—rendered invalid the residual clause of § 924(c). As discussed in our previous letter to this Court (Cr. Dkt. No. 296), *United States v. Davis*, 139 S. Ct. 2319 (2019, held that the residual clause of § 924(c) is unconstitutionally vague under *Johnson*. And *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), resolved that (after *Davis*) a conviction under § 924(c) that is predicated on a "conspiracy" to commit Hobbs Act robbery—as with Mr. Morgan's § 924(c) conviction—is invalid.

With these purely legal issues settled, Mr. Morgan's case is at a stage where he must make decisions related to various factual matters. However, because a client of our Office was a cooperator, there is a conflict of interest in our continued representation of Mr. Morgan. We respectfully request, therefore, that new defense counsel be appointed to represent Mr. Morgan and that our Office be relieved as counsel. The Government consents to this request.



/s/ Daniel Habib  
Asst. Federal Defender  
Tel.: (212) 417-8769

CC: AUSA Sarah Krissoff (by ECF)

Granted.  
So Ordyd.  
2/12/20